IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULLYSSES PAUL CUEN,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>M. S. EVANS, Warden,<br><br>　　　　Respondent. | No. C 05-4569 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California who is incarcerated at Salinas Valley State Prison, in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of arson in Santa Clara County Superior Court. On October 25, 2002, Petitioner was sentenced to 34 years-to-life in prison. Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction, and to the Supreme Court of California, which denied Petitioner's petition for review in 2004. Petitioner filed the instant petition on November 8, 2005.

## DISCUSSION

I.　Standard of Review

　　This court may entertain a petition for a writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a State court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).
3       It shall "award the writ or issue an order directing the respondent to show cause why the
4  writ should not be granted, unless it appears from the application that the applicant or person
5  detained is not entitled thereto." *Id.* § 2243.
6  II.   Legal Claims
7       The petition raises the following grounds for relief: (1) the trial court violated
8  Petitioner's right to counsel in denying his motion to substitute counsel; (2) trial counsel was
9  ineffective for conceding the crime of assault to the jury and failing to object to expert
10 testimony at the competency hearing; and (3) the court's finding of competency violated
11 Petitioner's right to due process. As it does not appear from the face of the petition that
12 Petitioner is not entitled to relief, Respondent is ordered to respond to the petition as set forth
13 below.

**CONCLUSION**

15  For the foregoing reasons and for good cause shown,
16  1. The Clerk shall serve by certified mail a copy of this order and the petition, and all
17 attachments thereto, on M. S. Evans, Respondent, Warden of Salinas Valley State Prison and
18 Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve
19 a copy of this order on Petitioner.
20  3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of
21 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
22 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
23 Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state
24 trial record that have been transcribed previously and that are relevant to a determination of the
25 issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by
26 filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his
27 receipt of the answer.

1    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

   5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

   IT IS SO ORDERED.

DATED: May 15, 2006

*[signature]*

JEFFREY S. WHITE
United States District Judge